Daniel Baczynski, Bar No. 15530
BACZYNSKI LAW. PLLC
136 W 12300 S, Ste B
Draper, UT 84020
(708) 715-2234
dan@bskilaw.com
Attorneys for Plaintiff

### THIRD JUDICIAL DISTRICT COURT, STATE OF UTAH
### SALT LAKE COUNTY, SLC DIVISION

| | |
|---|---|
| SHAY RYAN BERRY,<br><br>    Plaintiff,<br><br>vs.<br><br>THE UTAH BOARD OF PARDONS AND PAROLE, an agency of the State of Utahh; STATE OF UTAH; CARRIE L. COCHRAN; former chair of the BOP's board; GREG JOHNSON, member of the BOP's board; and MIGUEL SOSA, parole agent;<br><br>    Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No:<br><br>Judge: |

Plaintiff Shay Ryan Berry (Berry), through counsel, and for cause of action alleges as follows:

### INTRODUCTION

Defendants, without jurisdiction or any other lawful basis, issued a warrant on ex-parolee Berry after his parole had terminated. BOP imprisoned Berry on the unlawful warrant for a year until Judge Laura Scott of the Third Judicial District Court granted his petition for extraordinary relief. The court found the Board of Pardons (BOP) "exceeded its jurisdiction" when it "issued a warrant after parole had terminated", ruling the warrant was not valid.

1

Berry alleges Defendants violated his state and federal constitutional rights and asks to be made whole for the year spent needlessly incarcerated.

## JURISDICTION

1. This Court has jurisdiction over all civil matters occurring in the State of Utah pursuant to Utah Code § 78A-5-102(1).

2.  Venue lies in Salt Lake County because the events and omissions giving rise to Plaintiff's claims occurred in Salt Lake County.

3. Defendants are subject to personal jurisdiction within this district.

## PARTIES

4. The Defendant is the Utah Board of Pardons and Parole (an executive agency of the State of Utah).

5. The Defendant is Greg Johnson (Johnson), a member of the BOP's board, who signed the warrant for Shay Berry's arrest.

6. The Defendant is Carrie L. Cochran (Cochran), the chair of the BOP's board, who approved the warrant for Shay Berry's arrest.

7. The Defendant is Miguel Sosa, Berry's parole agent, who requested a warrant be issued for Berry's arrest after he was no longer on parole.

## MATERIAL FACTS

8. On January 9th, 2017, Shay Berry pled guilty to two counts of second-degree burglary.

9. Berry's sentence was set to expire on April 16, 2032.

10. Berry was released on parole on December 1, 2020.

11. On September 1, 2023, the BOP reviewed AP&P's request for early termination of parole. The Board of Pardons granted the Request with parole set to terminate on September 14, 2023.

12. Pursuant to the Board's September 1st Order, Berry's parole terminated at 12:00 am on September 14, 2023,

13. Under Utah Code 77-27-9(3)(b), the BOP "may rescind an offender's termination date from parole prior to the offender being terminated from parole".

14. BOP did not rescind Berry's termination date prior to September 14th.

15. On the evening of September 14th, after Berry's parole had terminated, Berry's former parole agent Sosa sent a request to the Board to issue a warrant for Berry.

16. BOP board member Greg Johnson signed the warrant for Berry around 8 pm on September 14, 2023.

17. The next day, September 15, BOP's Board Chair Cochran reviewed and signed an "Issue of Warrant". The Issue of Warrant indicates the "Date Warrant Issued" is "Effective 9/15/2023".

18. BOP knew that Berry's parole had expired when it reviewed and approved the warrant, as BOP also unlawfully rescinded the prior order terminating parole on September 15 – after parole had terminated.

19. BOP incarcerated Berry on its warrant on or about September 17, 2023.

20.  Berry repeatedly challenged the timing of the warrant.

21. After receiving the challenge, BOP created an "Issue of Warrant" that was wrongly dated for September 14.

22. BOP then rejected the challenges and concluded it retained jurisdiction over Berry because it acted on September 14.

23. On March 6, 2024, Berry filed a Rule 65B(d) Petition for Extraordinary Relief in the Third Judicial District Court for Utah (Case 240901918).

24. On September 20, 2024, the court ruled Berry's parole terminated at 12:00 AM the morning of September 14. Consequently, BOP lacked jurisdiction to issue its warrant. The court voided the warrant and ordered Berry's release.

25. Berry was released shortly thereafter.

26. Berry spent more than a year in prison on BOP's unlawful warrant.

### FIRST CAUSE OF ACTION
**Fourth Amendment Violation under 42 USC § 1983**
**Against the Sosa, Johnson, and Cochran**

32. Berry incorporates by reference all preceding paragraphs.

33. The Fourth Amendment protects against unlawful searches and seizures.

34. Warrants issued without jurisdiction are void from their inception. *See, e.g.*, *United States v. Baker*, 894 F.2d 1144, 1147–48 (10th Cir.1990).

35. Parole agent Sosa requested a warrant from BOP the evening of September 14th even though he knew Berry's parole had already terminated.

36. Sosa knew that BOP does not have jurisdiction over parolees once their parole has terminated.

37. Had Sosa not requested a warrant, BOP would not have subsequently incarcerated Berry.

38. Johnson then reviewed and approved the warrant request from Sosa.

39. Johnson knew that Berry's parole had already terminated but signed off on the warrant anyway.

40. Johnson knew that BOP does not have jurisdiction over parolees once their parole has terminated.

41. The next day, September 15, BOP Board Chair Cochran reviewed and approved the warrant.

42. Cochran knew that Berry's parole terminated on September 14th.

43. Cochran knew that BOP does not have the ability to revoke a parole termination after-the-fact.

44. Cochran disregarded the law and ordered that Berry's parole termination date be revoked.

45. When Berry challenged the timing of the warrant, Cochran or her staff drafted a new "Issue of Warrant" which was signed and dated September 14th.

46. BOP relied on the backdated "Issue of Warrant" to deny Berry's challenges to BOP's jurisdiction.

47. Sosa, Johnson, and Cochran's actions caused Berry's unlawful incarceration.

### SECOND CAUSE OF ACTION
*State Due Process Violation under UT CONST Art. 1, § 7*
*Against Sosa, Johnson, Cochran, the Board of Pardons, and State of Utah*

48. Plaintiff Berry incorporates by reference all preceding paragraphs.

49. Article 1, Section 7 of the Utah Constitution provides "no person shall be deprived of life, liberty, or property without due process of law".

50. Article 1, Section 7 protects against unlawful searches and seizures.

51. Warrants issued without jurisdiction are void from their inception. *See, e.g.*, *United States v. Baker*, 894 F.2d 1144, 1147–48 (10th Cir.1990).

52. Parole agent Sosa requested a warrant from BOP the evening of September 14th even though he knew Berry's parole had already terminated.

53. Johnson reviewed and approved the warrant request from Sosa.

54. Johnson knew that Berry's parole had already terminated but signed off on the warrant anyway.

55. The next day, September 15, BOP Board Chair Cochran reviewed and approved the warrant.

56. Cochran knew that Berry's parole terminated on September 14th.

57. Cochran knew that BOP does not have the ability to revoke a parole termination after-the-fact.

58. Cochran disregarded the law and ordered that Berry's parole termination date be revoked.

59. When Berry challenged the timing of the warrant, Cochran or her staff drafted a new "Issue of Warrant" which was signed and dated September 14th.

60. BOP relied on the back dated "Issue of Warrant" to deny Berry's jurisdictional challenges.

61. Cochran, as BOP's Board Chair, served as a "policy maker" for BOP.

62. BOP (and the State of Utah) are liable for Cochran's actions as Board Chair including reviewing and approving the unlawful warrant.

63. Even if Cochran is not a "policy maker", BOP is still liable for the unlawful warrant via "ratification" where BOP repeatedly concluded it had jurisdiction over Berry in response to his challenges.

64. Defendants' actions caused Berry's unlawful incarceration.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this court enter judgment against Defendants, and each of them and provide the following relief:

a.   Compensatory and special damages in whatever amount, exclusive of costs and

interest, that Plaintiffs is found to be entitled;

b.   Punitive/exemplary damages against Defendants in whatever amount, exclusive of

costs and interest, that Plaintiffs is found to be entitled;

c.   For interest and costs as allowed by law;

d.   For attorney fees, pursuant to 42 U.S.C. § 1988;

e.   For declaratory and injunctive relief barring Defendants from similar misconduct in

the future; and

f.   Such other and further relief as the court deems appropriate.

DATED this February 23, 2024.

/s/ Daniel Baczynski
BACZYNSKI LAW, PLLC
Counsel for Plaintiff